FILED by _tb_ D.C.
ELECTRONIC

Jul 8 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.  04-20707-CIV-ALTONAGA/Bandstra

KILLMON, et al.,

    Plaintiffs,

v.

CITY OF MIAMI, et al.,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT KEN JENNE'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**INTRODUCTION**

    This action arises from the unlawful conduct of defendants in their, at best, calculated attempt to limit protests and suspend the constitution during the Free Trade Area of the Americas (FTAA) meetings in Miami in November 2003.

    In their First Amended Complaint (FAC), plaintiffs make numerous allegations regarding the collective acts of the defendants, including defendant Jenne and the Broward County Sheriff's Office (BSO) who were working in concert with one another pursuant to the official policies and customs of the municipal and county defendants. (*See e.g.*, Dkt. #42 ¶¶ 1, 54, 58 & 60.)  This memorandum responds to defendant Jenne's Motion to Dismiss both himself in his individual capacity and in his official capacity as Sheriff of Broward County.[1]  For the reasons set forth below,

---

[1]     Jenne concedes that naming him as Sheriff is sufficient to make the BSO a defendant here.  (Dkt. #57 at 2.)

Jenne's Motion should be denied.[2]

## I. STANDARD FOR MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

It is black letter law that a complaint may not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the issue is "not whether a Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A court must accept the material allegations and facts in the complaint as true, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000), and it "is to be liberally construed in favor of [the] plaintiff." *Conley*, 355 U.S. at 45. All that is required is a short and plain statement of the facts, and that defendants be on notice of the claims and grounds therefor. Fed. R. Civ. P. 8(a)(2); *Bennett v. Spear*, 520 U.S. 154, 168 (1997). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Daniella v. Adriazolz*, 284 F. Supp. 2d 1368, 1374)(S.D. Fla. 2003)(*citing Anacat v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). As discussed below, the FAC sets out sufficient facts to support Plaintiffs' claims for relief.

## II. PLAINTIFFS STATE A CLAIM AGAINST DEFENDANT JENNE IN HIS INDIVIDUAL CAPACITY

The cases relied upon by defendants do not hold otherwise and plaintiffs agree that the basic

---

[2] This memorandum addresses Arguments I., II., IV., and V. of Jenne's memorandum. The responses to the other arguments are incorporated by reference from Plaintiffs' Memorandum in Opposition to the Motion filed by the City of Miami and Defendants Timoney and Dias (Plaintiffs' Miami Memo).

2

principles of individual liability set forth in them are applicable. (Dkt. #57 at 3-6.) Plaintiffs agree that supervisors may not be held liable for the unconstitutional acts of their subordinates on the basis of vicarious liability or respondeat superior. However, supervisors are liable when the supervisor personally participates in the alleged constitutional violation or where there is a causal connection between the actions of the supervising official and the alleged constitutional violation. *Gonzalez v. Reno*, 325 F.3d 1228, 1134-35 (11th Cir. 2003) (granting qualified immunity defense because of insufficient pleading of these necessary facts). In a companion case, the court found it was not reasonable to infer from the facts in that case that Attorney General Reno would infringe on First Amendment rights. *Dalrymple v. Reno*, 334 F.3d 991, 997 (11th Cir. 2003).

In stark contrast to these cases, the allegations are that defendant Jenne, along with others, was formulating a master plan to crush First Amendment rights and was an integral part of effectuating it. Contrary to defendant Jenne's assertions, the factual allegations against BSO employees, including the Sheriff, are not "exceedingly thin." (Dkt. #57 at 4, n. 4.)[3] The following allegations are made against defendant Jenne in his individual capacity:

- The Broward County Sheriff participated in "carrying out a deliberate plan to disrupt political protest. (Dkt. #42 ¶ 1.)

- Defendant Jenne "participated in and/or ratified the BSO participation in the Joint Law Enforcement Command for the FTAA [and] upon information and belief,

---

[3] Perhaps defendant Jenne has taken this approach because he does not appreciate that he was included in factual allegations that addressed the action of "defendants," although he was not personally named in those paragraphs of the First Amended Complaint. It is not necessary for a plaintiff to repeat each defendants name when the defendants are referred to collectively.

3

      plaintiffs allege that Jenne authorized, ratified and/or condoned the unlawful detention, arrest and use of force against plaintiffs." (*Id.* ¶ 54.)

- "Each of the act complained of ... was approved, condoned and/or ratified by persons of authority [i.e. Jenne for one] with the defendants...BSO. (*Id.* ¶ 58.)

- The policies approved of, ratified, and/or enforced by the persons with authority to set policy [i.e. Jenne], includes use of "less lethal" munitions, such as batons, tasers, chemical weapons, and other use of force and the deliberate limitation and disruption of lawful expressive activity. (*Id.* ¶ 60.)

- The "individual defendants who delegated another command staff member to participate on their behalf in the Joint Law Enforcement Command, personally ratified, condoned and/or authorized his ...agencies participate, including the unlawful application of the challenged ordinances and the arrests without probable cause, during the course of the FTAA Ministerial meetings...[A]ccording [to] the Miami After-Action Report, each of these agencies was given an 'equal voice' in the decision making process and were directed by the Joint Law Enforcement Operations Center during the FTAA meetings. Each of the named law enforcement defendants [including defendant Jenne] was a member of the Joint Law Enforcement Command." *(Id.* ¶ 68.)

These allegations go to the planning of law enforcement response to the then upcoming demonstrations which included approval for the use of unconstitutional actions. (*See e.g.,* Dkt. #42 ¶ 89.) Thus, defendant Jenne through, at the very least, his participation in, approval of, and/or ratification of defendants plans, [to take unconstitutional actions] is sufficiently personally involved

4

in the actions which are further set forth in ¶¶ 69 - 89.

That the FAC does not allege that defendant Jenne was present at the demonstrations or that he had no control over the Miami-Dade County's court scheduling of bond hearings, or that defendant Timoney was in a primary leadership role, does not detract from the FAC's allegations that Jenne was very much a part of the unconstitutional events that occurred and will continue to occur without this action.[4]  Thus, the FAC contains sufficient allegations to establish that Jenne engaged in constitutional violations.

These allegations are sufficient from a pleading perspective to establish that defendant Jenne personally participated in the alleged constitutions violations (the planning and implementation of unconstitutional violations).

### III.   PLAINTIFFS' FIRST AMENDED COMPLAINT HAS SUFFICIENT FACTS TO DEFEAT QUALIFIED IMMUNITY AND STATES CLAIMS BY ALL PLAINTIFFS AGAINST DEFENDANT JENNE[5]

Plaintiffs agree that state actors, such as defendant Jenne, are entitled to qualified immunity under certain circumstances.  There is a two part-test to determine the applicability of qualified immunity: whether the plaintiff's allegations, if true establish, a constitutional violation; *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (*citing Hope v. Pelzer*, 536 U.S. 730 (2002), and whether the right was clearly established.  *Id.* (*citing Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The allegations must be looked at in a light most favorable to the plaintiffs.  *Id.*  There can be no question that the right to be free from excessive force in the course of an arrest, investigatory stop,

---

[4]   These arguments are set forth at Dkt. 57 at 4.

[5]   This portion of Plaintiffs response is directed against arguments II. (Dkt. #57 at 6-8) and V. (*Id.* at 12 -13.)

5

or other seizure is clearly established, including arrest.[6]

As set forth above, Plaintiffs FAC contains numerous allegations regarding the actions of all defendants, which include Defendant Jenne. Nothing in *Danielle*, 284 F. Supp. 2d at 1374-75, cited by defendant Jenne (Dkt. # 57 at 7) suggests otherwise. All that is "missing" in the FAC's factual allegations is naming each defendant in each paragraph in which they are collectively named. As stated above, there is no pleading requirement that once a defendant is named that he or she must be individually indentifyed in each subsequent paragraph where collective action is alleged. Defendant Jenne has failed to cite any case which requires otherwise.

### IV. PLAINTIFF CALEB SELMAN STATES A CLAIM AGAINST ALL DEFENDANTS, INCLUDING DEFENDANT JENNE

Defendant re-asserts the general pleading arguments that he raises earlier in his motion. (Dkt. #57.) Plaintiffs incorporate those portions of this response that addresses those issues. Defendant also asserts that plaintiff Selman is barred from bringing his civil rights claims because he pled guilty to a misdemeanor.[7] In support of this argument, defendant Jenne seeks to rely on *Heck v. Humphrey*, 512 U.S. 477 (1994). This reliance is misplaced.

The precise issue in *Heck* was whether a state prisoner may challenge the constitutionality of his conviction in a § 1983 action. *Id*. at 478. The Supreme Court answered the question in the negative, concluding that a state prisoner may not challenge his conviction in a § 1983 suit for

---

[6] The cases in support of this proposition are found in Section IV D, and E of Pltfs' Miami Memo.

[7] According to the notation made on his arrest form (presumably by the State Attorney's Office) and the criminal court's online computer system, Selman entered a plea of nolo contendere with a withhold of adjudication. *See* attached Ex. A. This exhibit also clearly shows that the Broward Sheriff was the arresting agency. *Id*. at 2 (lower left hand corner)

6

damages. *Id*. at 486-487. The essential element of *Heck* is that a prisoner may not attack his conviction and his confinement. If this attack is not the graveman of the complaint suits for violations of the Fourth Amendment (and presumably other amendments) remain viable. *Id*. at 487, n. 7; *Accord Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003) (action under § 1983 viable for Fourth Amendment violations including stopping, searching, and arresting without reasonable suspicion, probable cause, or a warrant) and *Willingham v. Loughnan*, 261 F.3d 1178, 1183 (11th Cir. 2001) (finding of excessive force does not necessarily call into question validity section 1983 criminal conviction). As in these cases, Selman is seeking relief for the excessive force used in his arrest.

Further, contrary to defendant Jenne's argument, *Heck* does not bar Selman's claim for other violations of his Fourth Amendment rights, including his arrest. Under Florida law, a plea of *nolo contendere*, where adjudication is withheld, is not a "conviction" which would trigger the applicability of *Heck*. *U.S. v. Willis*, 106 F.3d 966, 968-69 (11th Cir. 1997); *U.S. v. Drayton*, 113 F.3d 1191 (11th Cir. 1997); *United States v. Lester*, 785 F.Supp. 976 (S.D. 1991); *Cella v. State of Fla.*, 831 So.2d 716, 718-19 (5th DCA 2002) ("Florida courts have consistently held that when a defendant pleads nolo contendere and the trial court withholds adjudication of guilt...the defendant is not convicted) (citations omitted).

Morevoer, *Brown v. City of Hialeah*, 30 F.2d 1433 (11th Cir. 1994) does not assist defendant Jenne. There, the Eleventh Circuit recognized that collatoral estoppel bars plaintiffs from arguing facts inconsistent with his guilty plea. *Id*. at 1437. Yet, that case also stands for the proposition that claims regarding excessive force during the course of the arrest are not barred from litigation under § 1983. *See generally id*. (finding exclusion of certain evidence regarding excessive force as an abuse of discretion.)

## CONCLUSION

For the reasons as stated herein, the Court should deny defendant Jenne's Motion to Dismiss the First Amended Complaint.

DATED: July 8, 2004	Respectfully Submitted,

        s/ Alice K. Nelson
Alice K. Nelson, FBN 211771

Carol A. Sobel (Pro Hac Vice)	Robert W. Ross, Jr., FBN 921660
LAW OFFICE OF CAROL A. SOBEL	LAW OFFICES OF ROBERT W. ROSS, JR., P.A.
429 Santa Monica Boulevard, Suite 550	601 South Federal Highway
Santa Monica, California 90401	Lake Worth, Florida 33460
T. 310 393-3055; F. 310 393-3605	T. 561 251-4896; F. 561 241-2790
CarolSobel@aol.com	bravelaw@mindspring.com

Jonathan Moore (Pro Hac Vice)	Mara Verheyden-Hilliard (Pro Hac Vice)
MOORE & GOODMAN, LLP	PARTNERSHIP FOR CIVIL JUSTICE, INC.
740 Broadway at Astor Place	1901 Pennsylvania Avenue, NW
New York, New York 10007	Washington, D.C. 20006
T. 212 353-9587; F. 212 674-4614	T. 202 530-5630; F. 202 530-5634

        Andrea Costello, FBN 532991
        Alice K. Nelson, FBN 211771
        SOUTHERN LEGAL COUNSEL, INC
        1229 N.W. 12th Avenue
        Gainesville, Florida 32601
        T. 352 271-8890; F. 352 271-8347
        andrea.costello@southernlegal.org
        alice.nelson@southernlegal.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by U.S. Mail this 8th day of July, 2004 to the following:

        Beverly Pohl and Bruce S. Rogow
        Bruce S. Rogow, P.A.
        Broward Financial Centre
        500 E. Broward Blvd., Ste. 1930
        Fort Lauderdale, FL 33394

        Warren Bittner
        City of Miami Attorney's Office
        Miami Riverside Center
        444 S.W. 2nd Avenue, Suite 945
        Miami, FL 33133

        Elizabeth M. Rodriguez
        Kubicki Draper
        City National Bank Building, PH
        25 West Flagler Street
        Miami, FL 33130

        Russell Koonin
        Office of the United States Attorney
        99 N.E. 4th Street, Suite 300
        Miami, FL 33132-2111

        Susan Torres
        Miami-Dade County Attorney's Office
        111 N.W. 1st Street, Suite 2810
        Miami, FL 33128-1930

                                  s/ Andrea Costello
                                  Andrea Costello

**COURT CASE:** M03057680

| | | | |
|---|---|---|---|
| **State Case#:** 132003MM0576800001XX | **Name:** SELMAN, KALEB | | **DOB:** 05/04/1979 |
| **Date Filed:** 11/21/2003 | **Date Closed:** 11/21/2003 | **Warrant Type:** | |
| **Hearing Date:** | **Hearing Time:** | **Hearing Type:** | |
| **Courtroom:** | **Address:** | | |
| **Next Case:** | | | |
| **Previous Case:** | | | |
| **Judge:** | | | |
| **Defense Attorney:** | | | |
| **Bfile Section:** | **File Location:** FILE ROOM | **Box Number:** - | |

| Seq# | Charge | Charge Type | Disposition | Sentence |
|---|---|---|---|---|
| 1 | POL, FIRE/FAIL OBEY | MISDEMEANOR | ADJ WH/CTS/FINE/COST | 0 |

# COMPLAINT/ARREST AFFIDAVIT

**1244**

FTAA

| | | | |
|---|---|---|---|
| OBTS Number | ☒ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☐ Warrant | Jail No. 9974A324/664-3 | Police Case No. |
| DS No. | Agency Code 01 | Municipal P.D. Def. ID No. | MDPD Records and ID No. | Court Case No. M03576? |

**DEFENDANT'S NAME:** Wimberly Federico Kleb
**DOB:** 05/04/1979  **Sex:** M  **Race:** W  **Height:** 5'11"  **Weight:** 180  **Hair:** BR  **Eyes:** BR

LOCAL ADDRESS:
PERMANENT ADDRESS:
BUSINESS ADDRESS:
DRIVER'S LICENSE NO:

**Weapon Seized?** ☐ Yes ☐ No
**Arrest Date:** 11/20/2003  **Arrest Time:** 7:30 PM  **Arrest Location:** 3rd NE Biscayne Blvd

CO-DEFENDANTS: (none)

## CHARGES

| # | CHARGES | Activity | Type | Counts | STATUTE |
|---|---|---|---|---|---|
| 1. | Disorderly Conduct | N | M | 1 | 877.03 |
| 2. | DPMC W/H/CC/SAO | | | | |

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant On the **20** day of **Nov** **2003** At **7:30** PM at **3rd NE Biscayne** committed the following violation of law: Narrative:

Persuant to mutual aid agreement subject was given dispersal order by Major Bande MPD. After given the opportunity to disperse, Suject became violent and had to be arrested. FTAA arrest.

Officer's Signature: Bravo Khalil 535

Sworn to and subscribed before me, the undersigned authority, this 11-20-03

8507

HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing)

11 of 11