UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 04-20707-CIV-ALTONAGA/Bandstra

**BENTLEY KILLMON**, et al.

    Plaintiffs,

vs.

**CITY OF MIAMI**, et al.

    Defendants.
_____/



FILED by ___ D.C.
MAR 21 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER ON PENDING MOTIONS

**THIS CAUSE** came before the Court for a hearing on March 18, 2005. For the reasons stated in open court, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendants, Broward Sheriff's Office, the Federal Defendants, Miami-Dade County, and the City of Miami's Motions to Dismiss the Second Amended Complaint **[D.E. 158, 160, 161, 162]** are **GRANTED-IN-PART**. The Second Amended Complaint **[D.E. 117]** is **DISMISSED**. Plaintiffs are granted leave to file a Third Amended Complaint with the following instructions:

    a.     Plaintiffs shall omit all "official-capacity" claims against employees of the Broward Sheriff's Office (except for Sheriff Ken Jenne), Miami-Dade County, the City of Miami, and any other entity which is also named as a Defendant. Such official-capacity claims are duplicative when the employing entities are also sued. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities

Case No. 04-20707-CIV-ALTONAGA/Bandstra

are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials . . . .").

b. Plaintiffs may not seek the injunctive relief described in paragraphs 3-10 of the Second Amended Complaint's "Prayer for Relief." Plaintiffs have failed to allege a real and immediate threat of future injury related to future protests in the Miami area sufficient to establish a case or controversy under Article III. *See Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1241 (11th Cir. 2003) ("[W]here a plaintiff seeks prospective injunctive relief, it must demonstrate a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement [of Article III standing]." (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103-04 (1983); *Wooden v. Bd. of Regents*, 247 F.3d 1262, 1283-84 (11th Cir. 2001))).

c. Plaintiffs have, however, sufficiently alleged a case or controversy regarding use and dissemination of false arrest records and therefore may seek the injunctive relief described in paragraph 2 of the Second Amended Complaint's "Prayer for Relief." *See Sullivan v. Murphy*, 478 F.2d 938, 968 (D.C. Cir. 1973) ("The principle is well established that a court may order the expungement of records, including arrest records, when that remedy is necessary and appropriate in order to preserve basic legal rights.").

d. Plaintiffs seeking relief for malicious prosecution shall re-plead their claims, specifically setting forth the time at which each Plaintiff was arraigned and the deprivation of liberty which occurred after such time. *See Kingsland v. City of*

Case No. 04-20707-CIV-ALTONAGA/Bandstra

*Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004) ("In the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted. . . . Thus, the plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment . . . ." (citation omitted)).

    e.    Plaintiffs shall omit individual claims against Sheriff Ken Jenne, Chief of Police John Timoney, and Mayor Carlos Alvarez. Plaintiffs have failed to allege facts sufficient to overcome qualified immunity and impose supervisory liability on these individuals. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."). Plaintiffs may, however, add these individuals as party-defendants at any time through the close of discovery upon obtaining facts sufficient to show a causal connection between their actions and alleged constitutional violations.

2.    Defendants' Motion to Revise the Amended Scheduling Order **[D.E. 202]** is **GRANTED** as follows: the February 1, 2005 Amended Scheduling Order **[D.E. 195]** is **VACATED-IN-PART** by striking the deadline of January 17, 2006 for all motions to amend the pleadings or join additional Defendants. Plaintiffs instead shall have until **May 23, 2005** to file their Third Amended Complaint and join additional Defendants. Plaintiffs may, however, add Sheriff Ken Jenne, Chief of Police John Timoney, and Mayor Carlos Alvarez at any time

Case No. 04-20707-CIV-ALTONAGA/Bandstra

through the close of discovery, as described in paragraph 1(e) above.

3. Plaintiffs' Motion for Extension of Time to Serve Second Amended Complaint and to Conduct Limited Discovery as to the Employing Agency and Badge Numbers of Certain Defendants **[D.E. 204]** is **GRANTED-IN-PART**. Plaintiffs may conduct limited discovery to ascertain the employing agencies and badge numbers of certain Defendants. Defendants shall respond to such discovery **by April 18, 2005**. The remainder of Plaintiffs' Motion **[D.E. 204]** is **DENIED AS MOOT**.

4. In light of the foregoing, Defendants, Luis Servilla, Yan Perez, Frank Fernandez, and Miami Police Officers' Motions to Dismiss the Second Amended Complaint **[D.E. 198, 199, 209, 210]** are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21 day of March, 2005.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1) Magistrate Judge Ted E. Bandstra
(2) All counsel of record