UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-CV-20707 - ALTONAGA/Turnoff

KILLMON, *et al.*,

    Plaintiffs,

vs.

CITY OF MIAMI, *et al.*,

    Defendants.
_____/

PLAINTIFF'S **MOTION IN LIMINE TO EXCLUDE THE TESTIMONY AT TRIAL OF DEFENDANTS' EXPERT WITNESS**

Plaintiff Winawer hereby files this motion in limine to preclude the testimony at trial of Defendants' expert witness, Dr. Paul A. Flaten ("Flaten"), for failure to comply with the requirements of Fed. R. Civ. P. 26. Plaintiff has repeatedly advised Defendants' counsel of their failure to comply with the disclosure requirements of Rule 26(e). On March 6, 20087, Plaintiff notified Defendants' counsel by email that Plaintiff intended to file a motion to bar the testimony of Dr. Flaten at trial if timely compliance did not occur. Exhibit 1. Despite numerous requests and opportunity for Defendants to comply, they have failed to do so and pre-trial filing requirements are now due on April 4, 2008.

**STATEMENT OF FACTS**

Plaintiff Winawer provided his expert disclosure in July, 2007. Plaintiff later agreed to permit the Broward Sheriff's Office ("BSO") defendants to disclose their expert at a later date, after the close of discovery. Initially, Plaintiff received no disclosures other than the name of Defendants'

1

expert and a request to set an Independent Medical Examination ("IME") appointment for Winawer to be examined by Defendants' expert. Plaintiff permitted the examination to go forward on December 7, 2007, requesting both before and after that the information required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B) be made. At this point, a single sentence at the bottom of the Notice of the Independent Medical Examination "designated" Dr. Flaten as defendants' expert. No curriculum vitae, fee schedule or other materials required by Rule 26(e) were provided.

On February 19, 2008, Plaintiff was finally provided with a few documents from Dr. Flaten, including a copy of the IME report which was not signed by the expert, a single page resumé and a fax cover sheet to his counsel, Parker Easton, with handwritten notations of Dr. Flaten's fee schedule. Exhibit 2. The February 19, 2008 materials did not include a list of cases in the past four years in which Dr. Flaten served as an expert, either by preparing a report, testifying at a deposition or testifying at trial, nor did it include any publications by him. Consequently, Plaintiff notified Defendants that a motion in limine would be filed if the required information was not produced promptly. Exhibit 1. No further information has been received concerning Dr. Flaten's qualifications and past expert history.

Because Defendants have failed to meet the requirements of Rule 26(e) despite repeated requests and opportunities to do so, the Court should issue a sanction barring their expert from testifying at trial. Defendants apparently retained Dr. Flaten in October 2007 and have had a full six months to comply with the disclosure requirements of Rule 26(e). Through no fault of Plaintiff, it is now impossible for Plaintiff to evaluate Dr. Flaten's past expert testimony and depose him in advance of the pre-trial filings being made with the Court next week.

## MEMORANDUM IN SUPPORT OF MOTION

Federal Rule of Civil Procedure 26(a)(2)(B) requires, in mandatory language, as follows:

>  (B) Written Report.  Unless otherwise stipulated or ordered by the court, this [expert] disclosure must be accompanied by a written report — prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . .  The report <u>must</u> contain:
>
>>  (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>>
>>  (ii) the data or other information considered by the witness in forming them;
>>
>>  (iii) any exhibits that will be used to summarize or support them;
>>  (iv) <u>the witness's qualifications, including a list of all publications authored in the previous ten</u> years;
>>
>>  (v) <u>a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition</u>; and
>>
>>  (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* (all edits and emphasis supplied).

The required disclosures ~~include~~ "at a minimum, should include the courts or administrative agencies, the names of the parties, the case number, and whether testimony was by deposition or at trial.  Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given.  With this information, a party should be able to determine the type of claim presented and locate any recorded testimony." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 782 (D.Kan. 1995); *accord Norris v. Murphy*, 2003 U.S. Dist. LEXIS 10795 at *1 (D.Mass. June 26 2003) (same).

Federal Rule of Civil Procedure 37(c) provides that:

>  (1)  A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed. . . .   In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B) and (C) and may

3

include informing the jury of the failure to make the disclosure.

*Id.* (all edits supplied).

In this instance, Defendants were under a mandatory obligation to provide a full and complete expert designation and the failure to do so over the course of six months is, in no imaginable way, "substantially justified" and the failure to disclose here is, decidedly, not harmless. The burden is on defendants to demonstrate that "substantial justification" exists for the failure to comply with Rule 26(a) and that the failure is also harmless. *Nguyen,* 162 F.R.D. at 680 (internal citation omitted). The failure to comply with this rule is not insignificant. "The 1993 amendments to the Federal Rules of Civil Procedure which instituted the disclosure requirements were an attempt to assure that all parties disclosed certain information concerning their expert witnesses, including certain background facts which would enable a party to prepare for cross-examination at deposition or trial . . . [and] to allow the adverse party to locate other testimony given by the expert witness which might be relevant to his proposed testimony in the pending case. 162 F.R.D. at 681-82. *See also Palmer v. Rhodes Machinery*, 187 F.R.D. 653 (N.D. Okla. 1999) and *Norris v. Murphy*, 2003 U.S. Dist. LEXIS 10795, **3-5 (same).

The range of sanctions this Court may and should impose include barring Dr. Flaten from testifying at trial. *See Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficencia De Puerto Rico*, 248 F.3d 29, 33, 35 (1st Cir. 2001) (finding failure to comply with expert disclosure requirements justified exclusion of testimony). "Failure to include information concerning the retained expert that is specifically required by Rule 26(a)(2)(B) – such as 'a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four year' . . . frustrates the purpose of candid and cost-efficient expert discovery." *Id.* at 35.

Plaintiff is entitled to a full disclosure before taking the expert's deposition. Fed. R. Civ. P.

4

26(b)(4)(A). Plaintiff is also entitled to adequate time to review prior deposition and trial testimony of Dr. Flaten, as well as any articles he authored. The repeated delays in providing the required expert designation materials is inexcusable.

With trial now six weeks away, exclusion of the defendants' expert is the appropriate sanction. "[A]s amended, the civil procedure rules [Rule 37] make clear that exclusion of evidence [such as an expert's testimony] is a standard sanction for a violation of the duty of disclosure under Rule 26(a). 248 F.3d at 35, citing *Samos Imex Co. v. Nextel Co.,* 194 F.3d 301, 305 (1st Cir. 1999).

CONCLUSION

Based on the foregoing, the Court should grant the motion in limine to preclude the testimony at trial of Defendants' expert witness, Dr. Flaten, for failure to comply with Fed. R. Civ. P. 26.

Dated: March 25, 2008                            Respectfully submitted,

                                                                                   /s/ Andrea Costello
                                                                             Andrea Costello FBN 532991

Carol A. Sobel (Pro Hac Vice)  
LAW OFFICE OF CAROL A. SOBEL  
429 Santa Monica Boulevard, Suite 550  
Santa Monica, CA 90401  
T. 310 393-3055; F. 310 393-3605  
CarolSobel@aol.com  

Robert W. Ross, Jr., FBN 921660  
ROSS LAW FIRM, P.L.  
8461 Lake Worth Road, #426  
Lake Worth, FL 33467  
T. 561 241-2790; F. 561 241-2790  
bravelaw@mindspring.com  

Andrea Costello, FBN 532991  
CENTER FOR CONSTITUTIONAL RIGHTS  
666 Broadway, 7th Floor  
New York, NY 10012  
T. 212 614-6437; F. 212 614-6499  
acostello@ccr-ny.org  

Mara Verheyden-Hilliard (Pro Hac Vice)  
Carl Messineo (Pro Hac Vice)  
PARTNERSHIP FOR CIVIL JUSTICE, INC.  
617 Florida Avenue, NW  
Washington, DC 20001  
T. 202 232-1180; F. 202 955-5589  
mvh@JusticeOnline.org  
cm@justiceonline.org  

5

| | |
|---|---|
| Alice K. Nelson | Jonathan Moore (Pro Hac Vice) |
| SOUTHERN LEGAL COUNSEL, INC. | BELDOCK, LEVINE & HOFFMAN LLP |
| 1229 N.W. 12th Avenue | 99 Park Avenue, Suite 1600 |
| Gainesville, FL 32601 | New York, NY 10016 |
| T. 352 271-8890; F. 352 271-8347 | T. 212 490-0400; F. 212 557-0565 |
| alice.nelson@southernlegal.org | Jmoore@gis.net |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March 2008, a true and correct copy of the foregoing was furnished by electronic notification for counsel registered for CM/ECF or by U.S. Mail to the following:

/s/ Andrea Costello
ANDREA COSTELLO

Bruce S. Rogow
Bruce S. Rogow, P.A.
Broward Financial Centre
500 E. Broward Blvd., Ste. 1930
Fort Lauderdale, FL 33394
Counsel for BSO Defendants
guntherc@bellsouth.net

Beverly Pohl
Broad and Cassel
100 SE Third Ave., Ste. 2700
Fort Lauderdale, FL 33394
Counsel for BSO Defendants
bpohl@broadandcassel.com

Carol A. Sobel (Pro Hac Vice)
Law Office of Carol A. Sobel
429 Santa Monica Boulevard, Suite 550
Santa Monica, CA 90401
Counsel for Plaintiffs
CarolSobel@aol.com

Jonathan Moore (Pro Hac Vice)
BELDOCK, HOFFMAN & LEVINE LLP
99 Park Avenue, Suite 1600
New York, NY 10016
Counsel for Plaintiffs
jmoore@gis.net

Rachel Entman
Office of the United States Attorney
99 N.E. 4th Street, Suite 300
Miami, FL 33132-2111
Counsel for the Federal Defendants
Rachel.Entman@usdoj.gov
Beth.Jarrett@usdoj.gov

Robert W. Ross, Jr.
Ross Law Firm, P.L.
8461 Lake Worth Road, #426
Lake Worth, FL 33467
Counsel for Plaintiffs
bravelaw@mindspring.com

Mara Verheyden-Hilliard (Pro Hac Vice)
Carl Messineo (Pro Hac Vice)
Partnership for Civil Justice, Inc.
617 Florida Avenue, NW
Washington, DC 20001
Counsel for Plaintiffs
mvh@JusticeOnline.org
cm@JusticeOnline.org